829 F.2d 1127
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John DEAN (86-1150), Richard Nott (86-1220), Farris Tarazi
(86-1221), Gregory Carnill (86-1222), James DeMido
(86-1224), Defendants-Appellants.
 Nos. 86-1150, 86-1220 to 86-1222 and 86-1224
 United States Court of Appeals, Sixth Circuit.
 September 22, 1987.
 
 Before MERRITT, BOYCE F. MARTIN Jr. and WELLFORD, Circuit Judges.
 PER CURIAM.
 
 
 1
 The defendants claim that during their trial for mail fraud the court committed a number of reversible errors warranting a reversal of their convictions. We disagree.
 
 
 2
 All of the defendants were formerly associated with the Hamilton Clinic in Highland Park, Michigan. James DeMido, a chiropractor, was the owner of the clinic; Gregory Carnill was a chiropractor employed by the clinic; John Dean was an osteopathic physician there; Farris Tarazi and Richard Nott were clinic administrators. The defendants were convicted in December 1985 of defrauding Michigan Blue Cross/Blue Shield in violation of the mail fraud statute, 18 U.S.C. Sec. 1341.
 
 
 3
 The details of the defendants' scheme were recited in our earlier opinion, United States v. Azad, 809 F.2d 291 (6th Cir. 1986). Briefly stated, the defendants were charged with administering unnecessary medical tests and X-rays to patients insured by Blue Cross/Blue Shield for which Blue Cross/Blue Shield was billed. Blue Cross/Blue Shield subscribers who suffered from no injury or illness were paid $30 to $50 to undergo a series of medical tests at the Hamilton Clinic. Blue Cross/Blue Shield's contracts with the patients covered only 'necessary services' defined as those services 'required in and directly related to . . . diagnosis or treatment of injury.'
 
 
 4
 DeMido was sentenced to ten years in prison and fined $88,000. Carnill was sentenced to seven years with a $20,000 fine. Nott received a three-year sentence and $10,000 fine. Dean was sentenced to three years with a $7,000 fine. Tarazi received a two-year prison sentence.
 
 
 5
 Seven of the issues raised on appeal are common to all five defendants. First, they claim that the exclusion of the expert testimony of Dr. John P. Lenhart was legal error or an abuse of discretion under Rule 702 of the Federal Rules of Evidence. Second, they argue that this exclusion violated the defendants' constitutional right to a meaningful opportunity to present a complete defense. Third, they claim the district court erred by denying their motion to dismiss the indictment, to strike prejudicial surplusage from the indictment, and to receive a bill of particulars. Fourth, they say the court erred by failing to dismiss the indictment based on prosecutorial misconduct before the grand jury.
 
 
 6
 Fifth, they argue the court erred by failing to disclose the record of the grand jury proceedings which allegedly demonstrated prosecutorial misconduct. Sixth, they contend that portions of the prosecutor's closing argument were so improper and prejudicial that they were denied a fair trial and due process. Seventh, they claim error when the court took into account the amount of money taken in the scheme without holding an evidentiary hearing as to the amount.
 
 
 7
 Individual defendants raise additional issues. DeMido, Tarazi, and Nott argue that testimony regarding certain extrinsic acts was more prejudicial than probative and was wrongfully admitted under the purposes recognized in Rule 404(B) of the Federal Rules of Evidence. Carnill claims he was prejudiced by the 59-day delay in the middle of the trial. Dean argues that the court erroneously continued the trial for four days while he was absent because of illness in violation of Rule 43(a) of the Federal Rules of Criminal Procedure. Tarazi claims the court improperly allowed testimony that he had embezzled money from his employer because such evidence was irrelevant to the charge of mail fraud, did not fall within the purposes of Rule 404(B) of the Federal Rules of Evidence, and was more prejudicial than probative.
 
 
 8
 We turn first to the expert testimony of Dr. Lenhart. According to the record and to statements made at oral argument, Dr. Lenhart was called to testify in order to offer his opinion that, based on a review of clinic files, the tests performed were necessary. The defendants complain that Dr. Lenhart was prevented from expressing this opinion in violation of Rule 702 of the Federal Rules of Evidence. We find no error for two reasons. First, Dr. Lenhart did testify, at the close of Mr. Powers's direct examination, that based on his review of the files, the tests were necessary. Thus, Dr. Lenhart was in fact allowed to offer his opinion on the precise issue for which he was called. Any prior ruling that had precluded this particular testimony must be viewed as harmless error in that such additional testimony would have been merely cumulative. Moreover, Dr. Lenhart's testimony, insofar as it is not based on hearsay, is irrelevant. The defendants wanted Dr. Lenhart to testify that he had reviewed the clinic's patient files and determined that the tests administered by the clinic were medically necessary. While he may have been qualified to testify which medical procedures are appropriate for given symptoms, Dr. Lenhart was not qualified to testify that the tests administered by the clinic were medically necessary for the clinic's patients because he had no independent knowledge whether the clinic's patient files honestly and accurately reflected the patients' medical conditions. Any testimony by Dr. Lenhart as to the accuracy of the clinic's patient files would be hearsay. Therefore, Dr. Lenhart could offer no admissible testimony regarding the medical necessity of the tests administered by the clinic.
 
 
 9
 The fifth, sixth, and seventh issues raised on appeal likewise lack merit. This court has already held in Azad that the motion for disclosure of the grand jury proceedings was properly denied. The defendants also complain that evidence of a codefendant's guilty plea was improperly used in the government's closing argument. While a guilty plea may not be used as substantive evidence of another defendant's guilt, a codefendant's guilty plea may be used for a variety of legitimate purposes. Here, the government used the guilty plea to show that the defendants had knowledge of criminal activity at the clinic. Finally, the defendants challenged the accuracy of figures contained in the pre-sentence report and requested that an evidentiary hearing be held to determine the amount of money involved in the scheme to defraud. However, the court did not rely upon the information contained in the pre-sentence report but instead relied on evidence produced at trial. Accordingly, there was no need for a separate evidentiary hearing.
 
 
 10
 In viewing the record as a whole, we find the evidence supports the convictions. None of the remaining issues raised by the defendants warrants reversal.